IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| CERTAIN INTERESTED UNDERWRITERS SUBSCRIBING TO POLICY NO. B1262P20017013, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | NO. 5:16-CV-940-FL |
| AMERICAN REALTY ADVISORS; SVF WESTON LAKESIDE, LLC; AND DOES 1-25, INCLUSIVE, | ) ) ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| SVF WESTON LAKESIDE, LLC; and AMERICAN REALTY ADVISORS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | NO. 5:17-CV-74-FL |
| CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON,[1] | ) ) ) | |
| Defendant. | ) | |

---

[1] The pleadings demonstrate and the parties do not dispute that "Certain Interested Underwriters Subscribing to Policy No. B1262P20017013" and "Certain Underwriters at Lloyd's of London" constitute the same entity. (Compare DE 1-2 ¶ 9 in No. 5:16-CV-940-FL with DE 1 ¶ 10 in No. 5:17-CV-74-FL (each describing the named party as subscribers to Policy No. B1262PW0017013)).

**ORDER**

These cases involving interpretation of an insurance contract underwriting three water-damaged apartment buildings located in Cary, North Carolina, come before the court on motion by Certain Interested Underwriters Subscribing to Policy No. B1262P20017013 ("Underwriters") to consolidate both cases and to designate the first case captioned above as lead for purposes of case management as to common issues, pursuant to Federal Rule of Civil Procedure 42(a). SVF Weston Lakeside, LLC and American Realty Advisors ("ARA parties") do not oppose the motion, but they request that the second case be designated as lead or, in the alternative, that the cases be allowed to maintain their separate characters should the first be designated as lead. For the reasons that follow, the motion to consolidate is granted, case number 5:16-CV-940-FL is designated as lead case, and both cases shall maintain their separate characters for substantive purposes.

**BACKGROUND**

On or about December 4, 2013, the ARA parties discovered water leaking into a vacant tenant space at one of their apartment buildings. Thereafter, the ARA parties discovered at least 27 additional instances of water intrusion caused by construction defects. Accordingly, the ARA parties filed a claim pursuant to an insurance contract purchased from Underwriters, which claim the ARA parties assert Underwriters denied in part.

After the alleged decision to deny in part coverage for the ARA parties' losses, Underwriters filed the first case September 21, 2016, in the Superior Court for Wake County, North Carolina, seeking declaratory judgment as to the scope of its liability under the policy, and the ARA parties removed the action to this court December 9, 2016. On October 14, 2016, the ARA parties filed the

second case in the U.S. District Court for the Central District of California, seeking damages for breach of contract, breach of the covenant of good faith and fair dealing, and declaratory judgment as to the scope of Underwriters' liability. On December 30, 2016, the ARA parties moved to dismiss or stay, or, in the alternative, transfer the first case to the Central District of California, but, where the second case was transferred to this district February 9, 2017, the ARA parties' motion was denied by text order entered February 27, 2017. With both cases pending in the same district, Underwriters' motion to consolidate followed.

**DISCUSSION**

"If actions before the court involve a common question of law or fact, the court may . . . join for hearing or trial any or all matters at issue in the actions; . . . consolidate the actions; or . . . issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). In ruling on a motion to consolidate the "critical question" is whether the case presents "specific risks of prejudice and possible confusion" and, if so, the magnitude of those risks relative to the "risk of inconsistent adjudications on common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." Arnold v. E. Air Lines, Inc., 681 F.2d 186, 193 (4th Cir. 1982), reh'g granted and rev'd on other grounds, 712 F.2d 899 (4th Cir. 1983) (en banc).

In the instant matter, the pleadings disclose and the parties agree that the cases constitute mirror images of one another. See Volvo Const. Equipment North America, Inc. v. CLM Equipment Co., Inc. 386 F.3d 581, 600 (4th Cir. 2004) (discussing mirror image claims consolidated in a single forum). Accordingly, there appears no risk of prejudice or possible confusion resulting from

3

consolidation, and there exists a significant risk that adjudicating the cases separately could result in inconsistent adjudication on identical issues; unnecessary burden on the parties, witnesses, and the court; waste of time; and unjustified additional expense. See Arnold, 681 F.2d at 193. Thus, consolidation is warranted here. However, where "consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties," the two actions shall retain their separate character and consolidation shall not be construed as affecting the parties' substantive rights. Intown Properties Management, Inc. v. Wheaton Van Lines, Inc., 271 F.3d 164, 168 (4th Cir. 2001) (quoting Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496–97 (1933)).

Finally, each party requests to proceed in the position of "plaintiff," with Underwriters contending that, as first-filer, it is entitled that designation, while SVF Weston contends the opposite on the ground that it, as owner of damaged property, is the natural plaintiff. The court need not address this abstract issue at this juncture where the parties have identified no substantive issue that turns on its resolution. Instead, for the limited purpose of pre-trial case management, the court designates Underwriters as plaintiff where it is the first filer.

## CONCLUSION

For the foregoing reasons, the court GRANTS Underwriters's motion to consolidate and ORDERS that civil action No. 5:17-CV-74-FL, currently pending in the United States District Court for the Eastern District of North Carolina, is consolidated with the earlier-filed action, No. 5:16-CV-940-FL, bearing case caption Certain Interested Underwriters Subscribing to Policy No. B1262P20017013 v. American Realty Advisors, SVF Weston Lakeside, LLC, and DOES 1–25, Inclusive. Unless good cause be shown, all future filings shall be docketed in this master file.

Initial order regarding planning and scheduling will follow.

SO ORDERED, this the 10th day of April, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge