IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:16-CV-940-FL

| | |
|---|---|
| CERTAIN INTERESTED UNDERWRITERS SUBSCRIBING TO POLICY NO. B1262PW0017013,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN REALTY ADVISORS; SVF WESTON LAKESIDE, LLC; and DOES 1-25, Inclusive,<br><br>Defendants. | |
| AMERICAN REALTY ADVISORS and SVF WESTON LAKESIDE, LLC,<br><br>Counter Claimants,<br><br>v.<br><br>CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON,<br><br>Counter Defendants. | **ORDER** |

These consolidated cases come before the court on the motion (D.E. 65) by defendants and counter claimants American Realty Advisors and SVF Weston Lakeside, LLC ("ARA parties") to compel discovery from plaintiffs Certain Interested Underwriters Subscribing to Policy No. B1262PW0017013 ("Underwriters") and for sanctions. At a telephone conference with the court on 20 September 2017, the parties advised the court that they had resolved all issues presented by the motion other than the issue of whether Underwriters should be required to provide a Rule

30(b)(6) deponent on the underwriting of the excess policy at issue. The motion is now fully briefed, Underwriters having filed with leave of court a memorandum in opposition after the telephone conference. The court has carefully reviewed the parties' filings, other relevant portions of the record, and applicable law.

Underwriters oppose the motion on the principal grounds that the underwriting of the subject policy is not relevant because the policy is unambiguous and that including underwriting as a Rule 30(b)(6) topic would place an undue burden on them. But the court has not yet made a determination on whether or not the policy is ambiguous in any material respect. Further, discovery on the issue of underwriting would help ensure that the court has a complete record on which to make a determination on the issue of ambiguity. To require a determination by the court before the conduct of such discovery would put the cart before the horse. Indeed, further discovery on underwriting could conceivably help establish the absence of any ambiguity as Underwriters allege.

In addition, Underwriters acquiesced in examination of Underwriters' Rule 30(b)(6) designee Nick West on the underwriting of the subject policy beyond the noticed topic of the deposition, the choice of law provision. *See, e.g.*, Notice of Dep. on Choice of Law Issue (D.E. 65-1) 2; Case Manage. Ord. (D.E. 37) § I.D.2. Underwriters cannot now justly be heard to deny the discoverability of the underwriting of the subject policy beyond the choice of law provision.

Underwriters have not convincingly demonstrated that examination of a Rule 30(b)(6) deponent on the underwriting of the subject policy beyond the choice of law provision would place an undue burden on them on the grounds that the underwriter on the policy, Mr. West, is no longer employed by Underwriters. Rule 30(b)(6) provides that the person designated to testify at a Rule

2

30(b)(6) deposition "must testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). The rule does not require the organization to testify about information that is not reasonably available to it. Thus, the rule does not require Underwriters' designee to testify about information that it cannot obtain, after a reasonable effort, from Mr. West or other sources.

Nor have Underwriters convincingly shown that their designee at the upcoming Rule 30(b)(6) deposition of them, Louisa Chisholm, cannot be sufficiently prepared to testify on the underwriting of the subject policy. It is, of course, not a valid objection that Ms. Chisholm does not have personal knowledge of the underwriting of the subject policy because Rule 30(b)(6) does not require it.

The ARA parties' motion to compel is therefore ALLOWED IN PART and DENIED IN PART on the following terms:

1. The underwriting of the subject policy shall be included as a topic at the Rule 30(b)(6) deposition of Ms. Chisholm, provided that such topic shall not include the choice of law provision, in accordance with § I.D.2 of the Case Management Order, and matters regarding underwriting about which Mr. West has already testified at his Rule 30(b)(6) deposition.

2. Pursuant to Rule 30(b)(6), Ms. Chisholm shall testify about information concerning underwriting of the subject policy known and reasonably available to Underwriters.

3. Counsel for the ARA parties shall confer in good faith with counsel for Underwriters no later than 26 September 2017 regarding the specific matters about which the ARA parties seek information regarding underwriting of the subject policy at the Rule 30(b)(6) deposition of Ms. Chisholm.

4. The ARA parties have not demonstrated that they are entitled to sanctions.

5. Finding that circumstances would make an award of expenses unjust, the court directs that each party bear its own costs in connection with the present motion. *See* Fed. R. Civ. P. 37(a)(5)(C).

6. The ARA parties shall recover no relief on their motion to compel except as provided herein.

SO ORDERED, this 25th day of September 2017.

James E. Gates
United States Magistrate Judge