IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| CERTAIN INTERESTED UNDERWRITERS SUBSCRIBING TO POLICY NO. B1262P20017013, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | NO. 5:16-CV-940-FL |
| AMERICAN REALTY ADVISORS; SVF WESTON LAKESIDE, LLC; AND DOES 1-25, INCLUSIVE, | ) ) ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| SVF WESTON LAKESIDE, LLC; and AMERICAN REALTY ADVISORS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | NO. 5:17-CV-74-FL |
| CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON, | ) ) ) | |
| Defendant. | ) ) | |

**ORDER**

This matter is before the court on defendants' motion for application of California law and designation as plaintiffs, which the court construes as a motion for partial summary judgment,[1] (DE

---

[1] In its response to defendants' motion, plaintiff protests that defendants failed to comply with Local Rule 56.1, which requires a separate statement of material facts and appendix containing all evidence cited in the statement of material facts. Although the court now construes it as such, defendants did not style their motion as one for partial

47), and plaintiff's motion for partial summary judgment regarding governing law. (DE 49). The motions have been fully briefed, and, in this posture, the issues presented are ripe for ruling. Defendants request hearing for oral argument on their motion. Because the facts and legal arguments adequately are presented in the briefs and record, the court dispenses with any hearing, as the same would not aid significantly the decisional process. For the reasons that follow, defendants' motion is granted in part and denied in part, and plaintiff's motion is denied.

## BACKGROUND

These consolidated cases each concern applicability of an insurance policy ("the policy") to water intrusion damage inflicted upon certain property owned by defendants. Plaintiff initiated case number 5:16-CV-940-FL September 21, 2016, in the General Court of Justice, Superior Court Division for Wake County, North Carolina, seeking declaratory judgment that it is not liable under the policy to cover water intrusion damage to defendants' property and, relatedly, that it is under no duty to pay defendants under the policy. Defendants removed that action to this court December 9, 2016.

Defendants initiated case number 5:17-CV-74-FL October 14, 2016, in the U.S. District Court for the Central District of California, seeking damages for breach of contract and breach of the covenant of good faith and fair dealing, alleging that plaintiff is liable under the policy to cover defendants' losses. By order dated February 9, 2017, Hon. Dolly M. Gee, to whom the case originally was assigned, transferred the case to this district.

With both cases pending before the undersigned, on motion by defendants, this court

---

summary judgment. Moreover, where the pertinent evidence adequately is presented in the filings now before the court, to facilitate "the just, speedy, and inexpensive determination of [the] action[,]" Fed. R. Civ. P. 1, the court dispenses in this instance with the requirement that defendants file a separate statement of material facts and supporting appendix. This limited stay of Local Rule 56.1 does not extend to any other motion.

consolidated the actions for pretrial purposes on April 11, 2017. In initial order entered the same day, the court invited the parties to inform whether efficiencies may accrue upon early resolution of any choice of law issues raised in the case. In their Rule 26(f) joint report and plan, the parties indicated that early decision on choice of law issues may indeed prove efficient, and the court permitted limited discovery to facilitate resolution of the same. Following completion of early discovery, the parties filed the instant motions.

In support of their motion, defendants rely upon the policy and the deposition of Nick West, whom plaintiff designated as representative for purposes of the deposition authorized by the Case Management Order. In support of its cross-motion, plaintiffs rely also upon the policy and the deposition of Nick West, and, in addition, declaration of Paul Vacherson who is plaintiff's managing director of asset management.

## STATEMENT OF THE UNDISPUTED FACTS

The undisputed facts pertinent to the instant motions may be summarized as follows. Defendant SVF Weston Lakeside, LLC ("SVF") owns real estate at various locations throughout the United States. SVF's principal place of business is California, and plaintiff issued and delivered the policy to defendants through an insurance broker located in California. (DE 68 ¶¶ 9, 19). SVF owns an apartment complex located in North Carolina that suffered water intrusion damage ("the property"). (DE 18 ¶ 8). Defendant American Realty Advisors ("ARA") serves as real estate investment manager for the property, (DE 18 ¶ 1), and purchased from plaintiffs the policy in issue. (Id. ¶ 2).

The policy contains a choice of law provision, which reads as follows:

| | | |
|---|---|---|
| **CHOICE OF LAW** | | |
| **& JURISDICTION**: | Law: | State of California, United States of America. |
| | Jurisdiction: | United States of America per the LMA5020 Service of Suit Clause. |

(DE 52-4 at 5).

The policy provides excess all-risk property insurance, (DE 35 ¶ 15), but the parties dispute whether the policy covers damage to the property. In any event, defendants filed a claim under the policy on the basis of water intrusion damage to the property. (Id. ¶ 5). After denying defendants' claim, plaintiff initiated its action for declaratory judgment. Defendants initiated their action for breach of contract and breach of the covenant of good faith and fair dealing thereafter.

## DISCUSSION

A.  Standard of Review

Summary judgment is appropriate when "there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the initial burden of coming forward and demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate a genuine issue of material fact requiring trial. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

In deciding a motion for summary judgment, the court construes evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in the nonmovant's favor. Anderson, 477 U.S. at 255. A party seeking summary judgment "bears the initial responsibility of

informing the district court of the basis for its motion, and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must then "set forth specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e)).

B.     Analysis

    1.     Litigation Posture

In prior order granting defendant's motion to consolidate cases, the court observed that both sides requested to proceed in the position of "plaintiff" but found that the parties had identified no substantive issue that turns on such designation. The court, therefore, declined to rule on the issue and designated Certain Interested Underwriters Subscribing to Policy No. B1262P20017013/Certain Underwriters at Lloyd's of London as plaintiff. (DE 33 at 4). Defendants now clarify their concern that trial will proceed more orderly upon allowing them to present evidence of property damage to the jury before plaintiff presents evidence pertinent to coverage defenses. Defendants suggest that the court must redesignate the parties to accomplish this ordering at trial.

These concerns are unfounded. District courts have substantial discretion to order presentation of issues and evidence at trial as they deem appropriate. See Fed. R. Civ. P. 42; see also Huddleston v. United States, 485 U.S. 681, 690 (1988) ("[A] trial court has traditionally exercised the broadest sort of discretion in controlling the order of proof at trial."); Atl. Greyhound Corp. v. Eddins, 177 F.2d 954, 959 (4th Cir. 1949) ("Direction of the orderly presentation of evidence is in the discretion of the trial court."). "'Inverted trials' and prioritizing of declaratory claims are not required by the federal rules, and the parties will have ample opportunity to raise

5

issues about presentation of evidence and ordering of trial" when the court turns its attention to scheduling trial activities following resolution of dispositive motions. Pork Co. v. Summit Investment Se., No. 7:17-CV-98-FL, 2017 WL 3496487, at *9 (E.D.N.C. Aug. 15, 2017). Defendants' motion for designation as plaintiffs is denied.

2. Choice of Law

Under Klaxon v. Stentor Elec. Mfg. Co., a federal court applies the choice of law rules of the state in which it sits. 313 U.S. 487, 496 (1941). Following any transfer under 28 U.S.C. § 1404(a), the transferee court applies the choice of law rules that would have applied in the transferor court. Van Dusen v. Barrack, 376 U.S. 612, 639 (1964). Where consolidated cases "retain their separate character" such that consolidation does not affect the parties' substantive rights, Intown Properties Management, Inc. v. Wheaton Van Lines, Inc., 271 F.3d 164, 168 (4th Cir. 2001) (quoting Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496–97 (1933)), consolidated cases originating in different jurisdictions may require application of different choice of law rules to claims or issues originally filed in different courts. See, e.g., In re Disaster at Detroit Metropolitan Airport on Aug. 16, 1987, 750 F.Supp 793 (E.D. Mich. 1989) (applying multiple choice of law rules to multidistrict litigation involving claims originating in multiple jurisdictions).

As a threshold matter, determination of which choice of law rules apply to defendants' claims requires a determination of which of the two transfer provisions the District Court for the Central District of California invoked to transfer the case to this district. See Van Dusen, 376 U.S. at 639–40. Transfer pursuant to 28 U.S.C. § 1404(a) is available where venue is proper in the transferor court. Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas, 134 S.Ct. 568, 579 (2013) (observing that 28 U.S.C. § 1404(a) "permits transfer to any district where

6

venue is also proper."). Transfer under 28 U.S.C. § 1406 is available only if venue is improper in the transferor court. Id. Venue is proper in the Central District of California where plaintiff issued the policy there, (DE 68 ¶ 21) and, therefore, "a substantial part of the events . . . giving rise to the claim" occurred in California. See 28 U.S.C. § 1391(b)(2). Therefore, where venue is proper in Central District of California, case number 5:17-CV-74-FL was transferred pursuant to 28 U.S.C. § 1404(a). See Atlantic Marine, 134 S.Ct. at 579.

Under Van Dusen, where defendants filed their case in the Central District of California, which was transferred pursuant to 28 U.S.C. § 1404, while plaintiff filed its case in the North Carolina Superior Court, California choice of law rules apply to defendants' claims and North Carolina choice of law rules apply to plaintiff's claims. See 376 U.S. at 639. With deference to the applicable choice of law rules, the court now addresses choice of law as to the parties' contract claims before turning to choice of law as to claims pertinent to defendants' allegation of breach of the covenant of good faith and fair dealing.

   a. Contract Claims

Under North Carolina law "[d]espite North Carolina's adherence to the presumptive rule of lex loci contractus, contracting parties in North Carolina are entitled to agree that a particular jurisdiction's substantive law will govern their contract, and such a provision will generally be given effect." Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co., 386 F.3d 581, 602 (4th Cir. 2004) (citing Torres v. McClain, 140 N.C. App. 238, 240–41 (N.C. Ct. App. 2000) (holding that parties' choice of law is generally binding)). That choice will be denied the parties only where "the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice," or "application of the law of the chosen state would be contrary to a

7

fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue." Id. (citing Restatement (Second) of Conflict of Laws, § 187). California courts apply the same rule. See Discover Bank v. Superior Court, 36 Cal. 4th 148, 175 (2005) ("[T]he court must first determine: (1) whether the chosen state has a substantial relationship to the parties or their transaction, or (2) whether there is any other reasonable basis for the parties' choice of law. . . . if either test is met, the court must next determine whether the chosen state's law is contrary to a fundamental policy of California.")

Here, it is undisputed that the policy includes a choice of law provision that selects California law. (See DE 52-4 at 5; DE 47-2 at 11:19–21). Moreover, it is undisputed that defendant SVF has its principal place of business in California and that plaintiff issued the policy through a broker located there. (DE 68 ¶ 19). Therefore, California has a substantial relationship to the insurance transaction embodied in the policy, where, SVF, as proprietor of the insured property, was located in California at all relevant times and where the policy was issued in California. See Discover Bank, 36 Cal. 4th at 175. Finally, application of California law is contrary to no fundamental policy of North Carolina. See Volvo, 386 F.3d at 602. Indeed, plaintiff has identified no difference in the laws or policies of North Carolina and California upon which the court might rest any contrary conclusion. Accordingly, under choice of law principles applicable to both sides' claims, the choice of law provision in issue here is enforceable, and the substantive law of California governs defendants' claim of breach of contract and plaintiff's opposing action for declaratory judgment. See Volvo, 386 F.3d at 602.

Plaintiff argues that N.C. Gen. Stat. § 58-3-1 ("section 58-3-1") mandates that North Carolina law applies to this insurance contract. Section 58-3-1 provides:

> All contracts of insurance on property, lives, or interests in this State shall be deemed to be made therein, and all contracts of insurance the applications for which are taken within the State shall be deemed to have been made within this State and are subject to the laws thereof.

N.C. Gen. Stat. § 58-3-1. On the basis of the foregoing language, plaintiff argues that where the policy constitutes a "contract of insurance on property . . . in [North Carolina][,]" id., section 58-3-1 controls choice of law.

Plaintiff misapprehends the step in choice of law analysis at which section 58-3-1 applies. That is, for disputes involving contract, the default choice of law rule in North Carolina is <u>lex loci contractus</u>, under which choice of law rule the court applies the substantive law of the place where the contract is made. <u>Boudreau v. Baughman</u>, 322 N.C. 331, 335 (1988) ("matters affecting the substantial rights of the parties are determined by lex loci, the law of the situs of the claim . . ."). To apply the <u>lex loci contractus</u> rule, it is necessary to localize formation of any contract in issue to a specific place. <u>Fortune Ins. Co. v. Owens</u>, 351 N.C. 424, 428 (2000) (holding that the "situs" of a contract claim usually is "the state where the last act to make a binding contract occurred."). For insurance contracts, section 58-3-1 provides a precise rule governing contract localization whereby, as the text states plainly, insurance contracts are localized to the place where the insured property is located. <u>See</u> N.C. Gen. Stat. § 58-3-1 ("[a]ll contracts of insurance on property . . . in this State shall be deemed made therein . . .").

Section 58-3-1 is rendered irrelevant in the instant matter by the prior determination, under <u>Volvo</u> and <u>Discover Bank</u>, that <u>lex loci contractus</u> is not the choice of law rule where the parties have included a choice of law provision in the policy. <u>See</u> 386 F.3d at 602; 36 Cal. 4th at 175. Rather, the choice of law rule applicable here is that the court applies the law of the parties' selection. <u>See</u> <u>id.</u> Therefore, any consequences for localization under section 58-3-1 is immaterial

9

where localization is no part of the analysis in a contract containing an enforceable choice of law clause. Accordingly, plaintiff's argument fails, and California law governs the contract claims in this action.

    b.  Covenant of Good Faith and Fair Dealing/Duty to Pay

Turning now to the law applicable to defendant's claim for breach of the covenant of good faith and fair dealing and plaintiffs' opposing action for declaratory judgment that it is under no duty to pay, for the same reasons described in the court analysis of choice of law governing contract claims, California choice of law rules apply to defendants' claims and North Carolina choice of law rules apply to plaintiff's claims. See Van Dusen, 376 U.S. at 639.

Under California choice of law rules, "[w]hen neither party identifies a meaningful conflict between California law and the law of another state, California courts apply California law." Homedics, Inc. v. Valley Forge Ins. Co., a Pennsylvania Corp., 315 F.3d 1135, 1138 (9th Cir. 2003) (citing Shields v. Singleton, 15 Cal. App. 4th 1611, 1621 (Cal. Ct. App. 1993); Hurtado v. Superior Ct., 11 Cal. 3d 574, 580 (1974) ("The fact that two states are involved does not in itself indicate that there is a 'conflict of laws' or 'choice of law' problem.").

Here, the parties' briefing directs the court's attention to no difference between the substantive laws of North Carolina and California applicable to any action for breach of the covenant of good faith and fair dealing. Under this circumstance, California courts would apply California law. See Hurtado, 11 Cal. 3d at 580. Thus, California substantive law governs the claim. See Klaxon, 313 U.S. at 496.

Defendant argues that under North Carolina choice of law rules, defendants' claim of breach of the covenant of good faith and fair dealing is governed by North Carolina substantive law.

However, this argument is inapposite where, under Van Dusen, California choice of law rules govern claims filed there and transferred pursuant to 28 U.S.C. § 1404(a). 376 U.S. at 639.

The court turns now to plaintiff's claim for declaratory judgment that it is under no duty to pay. Under North Carolina law, for choice of law purposes, breach of the covenant of good faith and fair dealing is not an independent tort, but, rather, constitutes part of the underlying breach of contract. See Huber Engineered Woods, LLC v. Canal Ins. Co., 203 N.C. App. 1, 4 (N.C. Ct. App. 2010) (analyzing choice of law pertinent to contract and breach of covenant of good faith claims together); see also Oestreicher v. American Nat. Stores, Inc., 290 N.C. 118 (1976) (holding punitive damages available in "so-called breach of contract actions that smack of tort because of the fraud and deceit involved."); Dailey v. Integon Gen. Ins. Corp., 75 N.C. App. 387, 395 (N.C. Ct. App. 1985) ("[U]nder some circumstances our law permits the recovery of punitive damages on claims for a tortious, bad faith refusal to settle under an insurance policy, even though, as in this instance, the refusal to settle is also a breach of contract."). As held above, the choice of law rule applicable to claims involving the policy is the law of the parties' selection, which here is California. Therefore, plaintiff's declaratory judgment action pertinent to breach of the covenant of good faith and fair dealing hinges on its rights and obligations under the policy itself, and California substantive law controls pursuant to the policy's choice of law provision. See Volvo, 386 F.3d at 602.

Plaintiff does not oppose characterization of claims for breach of the covenant of good faith and fair dealing as sounding in the law of contract; indeed it advocates that conclusion. Plaintiff instead reiterates its contention that section 58-3-1 mandates application of North Carolina law to this case. However, for the same reasons given above, that argument fails where the policy's choice

11

of law provision renders that statute irrelevant to the choice of law analysis here. See Volvo, 386 F.3d at 602.

## CONCLUSION

For the foregoing reasons, defendants' motion, (DE 47), is GRANTED IN PART AND DENIED IN PART. The substantive law of California shall govern adjudication of all claims. Certain Interested Underwriters Subscribing to Policy No. B1262P20017013/Certain Underwriters at Lloyd's of London shall continue to be designated as plaintiff and American Realty Advisors, SVF Weston Lakeside, LLC, and Does 1–15, inclusive, shall continue to be designated as defendants. Plaintiff's motion, (DE 49), is DENIED.

SO ORDERED, this the 9th day of November, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge