IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| CERTAIN INTERESTED UNDERWRITERS SUBSCRIBING TO POLICY NO. B1262P20017013, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | NO. 5:16-CV-940-FL |
| AMERICAN REALTY ADVISORS; SVF WESTON LAKESIDE, LLC; AND DOES 1-25, INCLUSIVE, | ) ) ) ) | |
| Defendants. | ) | |

_____

| | | |
|---|---|---|
| SVF WESTON LAKESIDE, LLC; and AMERICAN REALTY ADVISORS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | NO. 5:17-CV-74-FL |
| CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON, | ) ) ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the court on plaintiff's motion for clarification and additional discovery, (DE 86), and motion to amend the case management order. (DE 87). Defendants filed a consolidated response in opposition to both motions, (DE 91), and in this posture, the issues raised are ripe for ruling. Plaintiff requested via e-mail to the civil case manager a hearing or conference

on the motions. Where the issues adequately are presented on the written submissions, the court dispenses with any hearing or conference as the same would not aid significantly the decisional process. For the reasons set forth herein, the motions are granted in part and denied in part.

**DISCUSSION**

A.  Motion for Clarification and Discovery

In its motion for clarification and additional discovery, plaintiff seeks clarification whether section I.G of the case management order permits ten depositions in total or whether the ten deposition limit applies only to depositions of non-expert witnesses. In the event the ten deposition limit applies to depositions of both experts and non-experts, plaintiff requests permission to take six additional depositions of non-experts and at least six depositions of experts, resulting in a limit of at least 22 depositions in total. Defendants consent to allowing plaintiff to take three additional depositions, but with the caveat that the resulting limit of 13 depositions should apply to depositions of both experts and non-experts.

The court turns first to plaintiff's motion for clarification of the case management order. The case management order provides "[t]here shall be no more than 10 depositions by [plaintiff] and 10 by [defendants]." (DE 37 ¶ I.G.). This limitation reflects request set forth in the parties' Rule 26(f) joint report and plan that "[t]he number of depositions conducted by each party shall be in accordance with the Federal Rules of Civil Procedure." (DE 36 ¶ III.C.vi).

Federal Rule of Civil Procedure 30(a)(2) requires that "[a] party must obtain leave of court [to depose a witness], and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2): (A) if the parties have not stipulated to the deposition and: (i) the deposition would result in more than 10 depositions being taken under this rule . . ." Fed. R. Civ. P 30(a)(2)(A)(i). In setting

2

the standard limitation of ten depositions per side, Rule 30 does not distinguish between depositions of expert and non-expert witnesses. See id. The advisory committee notes draw no such distinction, either, see Fed. R. Civ. P. 30, Advisory Committee Notes (1993 amend), but the notes emphasize that the purpose of the ten deposition limit "is to assure judicial review under the standards stated in Rule 26(b)(2) before any side will be allowed to take more than ten depositions in a case without agreement of the other parties." Therefore, with deference to the principles set forth in Rules 26(b)(1), (2) and 30(a)(2), the court clarifies that the limitation of ten depositions per side set forth in the case management order applies to all depositions, including depositions of both expert and non-expert witnesses.

The court turns next to plaintiff's request for permission to take at least 12 depositions in addition to the ten depositions allowed by the case management order. Under Rule 30(a)(2), "the court must grant leave to take additional depositions to the extent consistent with Rules 26(b)(1) and (2)." Fed. R. Civ. P. 30(a)(2). Rules 26(b)(1) and (2) embody the requirement that discovery is available "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . ." Fed. R. Civ. P. 26(b)(1). The court must limit the extent of discovery upon any determination that "the discovery sought is unreasonably cumulative or duplicative," can be obtained in a less burdensome manner, the party seeking the discovery has had ample opportunity to obtain the information sought, or that the proposed discovery is not proportional to the needs of the case. See Fed. R. Civ. P. 26(b)(2).

Plaintiff names seven individuals whom it intends to depose, and, with respect to each person, gives a list of topics and/or documents that plaintiff plans to explore with the person in question. As an initial matter, in arguing why it should be permitted additional depositions to

3

question the seven named individuals, plaintiff fails entirely to justify taking a total of 16 depositions of non-expert witnesses. At most, where plaintiff has taken 6 depositions so far, plaintiff needs only three depositions in excess of the standing limit of ten depositions to cover the seven named individuals.

Moreover, although plaintiff has listed topics it would explore with each proposed deponent, plaintiff has made no showing that any of the named individuals are likely to possess information that is not duplicative of information given by prior deponents or that the same information could not be obtained through a Rule 30(b)(6) deposition of the companies with which the named individuals were or are employed. See Fed. R. Civ. P. 30(b)(6) ("[A] party may name as the deponent [an organization] . . . . the named organization must then designate one or more [persons to testify] . . . The persons designated must testify about information known or reasonable available to the organization."). Plaintiff does not contend that depositions under Rule 30(b)(6) in this manner are unsuitable, and plaintiff's briefing suggests that multiple individuals whom plaintiff intends to depose are affiliated with the same organizations. (See DE 86 at 3 (Tripp Carstarphen and Rebecca Puglia associated with "Crosland;" Michael Kairis and Niels Espinoza associated with "ARA;" Steve Roberts and Jennifer Douglas associated with "Riverstone/Greystar").

In view of these considerations, where plaintiff has not demonstrated that deposing every individual referenced in its briefing is necessary, nor made any showing that 16 depositions of non-expert witnesses in addition to at least six deposition of experts is proportional to the needs of the case, the court finds that allowing plaintiff to take three additional depositions, for a total of 13, including depositions of expert witnesses, is reasonable under the circumstances. Each deposition shall be limited to seven hours, and the court imposes no requirement as to whom plaintiff must
4

depose with either its remaining depositions authorized by the case management order or with the three additional depositions authorized herein.

B.     Motion to Amend the Case Management Order

In its motion to amend the case management order, plaintiff seeks a 60-day extension to all pending deadlines to accommodate additional discovery discussed above and seeks leave to propound ten additional requests for admissions and 25 additional interrogatories.

Turning first to plaintiff's request to extend pending deadlines by 60 days, where additional discovery as authorized above reasonably may require additional time to complete, the court finds good cause to the extend pending deadlines   Defendants consent to an extension of 30 days.  The court finds that an extension of 45 days is reasonable.  Therefore, the court amends the current deadlines as follows:

- a. Non-expert discovery to be completed by November 29, 2017, now to be completed by **January 15, 2018**.
- b. Expert reports to be exchanged by January 2, 2018, now to be exchanged by **February 16, 2018**.
- c. Rebuttal expert reports to be exchanged by January 26, 2018, now to be exchanged by **March 12, 2018**.
- d. Supplemental disclosures to be served by February 28, 2018, now to be served by **April 16, 2018**.
- e. Initial expert depositions to be completed by March 12, 2018, now to be completed by **April 26, 2018**.
- f. All discovery to be completed by April 12, 2018, now to be completed by

        **May 28, 2018**.

    g.    All potentially dispositive motions to be filed by May 29, 2018, now to be filed by **July 13, 2018**.

Finally, the court turns to plaintiff's requests for leave to propound ten additional requests for admissions and 25 additional interrogatories. Plaintiff offers no argument in support of these requests. Therefore, plaintiff has failed to demonstrate good cause to allow the same as required by the case management order. (See DE 37 ¶ IV. ("This case management order shall not be modified except by leave of court <u>upon a showing of good cause</u> . . .") (emphasis added)). Therefore, in this part, plaintiff's motion to amend the case management order is denied.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for clarification and additional discovery, (DE 86) is GRANTED IN PART AND DENIED IN PART. The court CLARIFIES that the limitation of ten depositions per side set forth in the case management order, (DE 37), includes depositions of both expert and non-expert witnesses. The court ORDERS that plaintiff is allowed three depositions in addition to the ten depositions authorized by the case management order. Plaintiff's motion to amend the case management order, (DE 87), is GRANTED IN PART AND DENIED IN PART on the terms set forth in part B of this order.

SO ORDERED, this the 15th day of November, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge