IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| CERTAIN INTERESTED UNDERWRITERS SUBSCRIBING TO POLICY NO. B1262PW0017013, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 5:16-CV-940-FL |
| AMERICAN REALTY ADVISORS; SVF WESTON LAKESIDE, LLC; and DOES 1-25, Inclusive, | ) ) ) ) | |
| Defendants. | ) ) | |
| SVF WESTON LAKESIDE, LLC; and AMERICAN REALTY ADVISORS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 5:17-CV-74-FL |
| CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON, | ) ) ) | |
| Defendants. | ) ) | |

These consolidated cases come before the court on the motion to compel (D.E. 97) by defendants American Realty Advisors and SVF Weston Lakeside, LLC (the "ARA parties"), pursuant to Rule 37(a)(3)(B)(i), (4), and (5).[1] The motion seeks an order requiring nonparty McLarens Global Claims Services ("McLarens") to appear for a second Rule 30(b)(6) deposition. The ARA parties base their motion on the alleged failure by McLarens' designee at the initial

---

[1] This and all other rule citations herein are to the Federal Rules of Civil Procedure.

deposition to be adequately prepared. The motion is opposed by plaintiffs Certain Interested Underwriters Subscribing to Policy No. B1262PW0017013 ("Underwriters").

The deposition of McLarens was held pursuant to a subpoena issued to it by the ARA parties from this court. *See* Subpoena (D.E. 98-2 at pp. 2-7).[2] Although the subpoena specified a location in California as the site for the deposition (Subpoena 2), it was held in the Southern District of New York ("SDNY") (*see* Dep. Tr. (D.E. 98-3) 3 (indicating New York City as the location of the deposition)).

Rule 37(a)(2) provides that "[a] motion for an order [compelling discovery] to a nonparty must be made in the court where the discovery is or will be taken." Fed. R. Civ. P. 37(a)(2); *cf. id.* 45(d)(2)(B) (providing that motions to compel production or permit inspection in response to written objections to a subpoena must be filed in the district where compliance is required); 45(d)(3) (same re motions to quash or modify a subpoena); 45(e)(2)(B) (same re motions to determine claim of privilege or work-product protection as to information produced pursuant to a subpoena). This provision requires that the ARA parties' motion be filed in the SDNY.

However, the ARA parties contend, without objection by Underwriters, that this court can properly hear their motion pursuant to Rule 45(f). It provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). The ARA parties state that "[i]n accordance with Federal Civil Rule 45(f), all parties have consented to this Motion being heard by this Court, notwithstanding that the deposition giving rise to this Motion was conducted in the [SDNY]." Mot. 2.

---

[2] All citations to the record are to page numbers assigned by the court's CM/ECF electronic file management system.

2

The contention that Rule 45(f) authorizes this court, in lieu of the SDNY, to hear the ARA parties' motion is unconvincing. Assuming the ARA parties' motion is one under Rule 45, by the plain terms of subdivision (f), the consent of the person subject to the subpoena does not obviate transfer by the court where compliance is required, but simply constitutes a ground upon which that court "may" transfer a motion. Fed. R. Civ. P. 45(f).

Further, it is not entirely clear that McLarens even consents to transfer. The ARA parties state in their motion that "all parties" have consented to this court hearing the motion. McLarens is, of course, a nonparty. Mot. 2.

In addition, while McLarens was purportedly represented at the deposition by Underwriters' counsel, along with its own counsel (*see* ARA Parties' Mem. (D.E. 98) 3; Underwriters' Mem. (108) 4), none of the certificates of service with the filings on the motion show service on McLarens itself or any attorney identifying himself as counsel for McLarens (*see* Mot. 3; ARA Parties' Mem. 10; Underwriters' Mem. 11; Hayek Dec. (D.E. 109) 4). No attorney has filed a notice of appearance on behalf of McLarens. The record therefore does not definitively show that McLarens even has proper notice of the motion.[3] Any such lack of consent or due notice is significant since under Rule 45(f) "[t]he prime concern should be avoiding burdens on local nonparties subject to subpoenas." Fed. R. Civ. P. 45, advisory comm. notes, 2013 amend., subdiv. (f). Given this "prime concern," the fact that the ARA parties and Underwriters consent to this court hearing the ARA parties' motion is of less significance under Rule 45(f). *Id.*

The court concludes that the ARA parties' motion is not properly before it. The motion is therefore DENIED without prejudice.

---

[3] There is no question that the memorandum in opposition to the motion was not filed on behalf of McLarens. It is expressly on behalf of Underwriters and is signed by attorneys identifying themselves as counsel for Underwriters. *See* Underwriters' Mem. 1, 4 ("As Underwriters defended [McLarens'] deposition, they properly oppose the instant motion."), 10.

SO ORDERED, this 29th day of September 2018.

_____
James E. Gates
United States Magistrate Judge