IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| CERTAIN INTERESTED UNDERWRITERS SUBSCRIBING TO POLICY NO. B1262PW0017013, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 5:16-CV-940-FL |
| AMERICAN REALTY ADVISORS; SVF WESTON LAKESIDE, LLC; and DOES 1-25, Inclusive, | ) ) ) ) | |
| Defendants. | ) ) | |
| SVF WESTON LAKESIDE, LLC; and AMERICAN REALTY ADVISORS, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 5:17-CV-74-FL |
| CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON, | ) ) ) ) | |
| Defendants. | ) ) | |

These consolidated cases come before the court on two motions to compel (D.E. 100, 101) by plaintiffs Certain Interested Underwriters Subscribing to Policy No. B1262PW0017013 ("Underwriters"). The first motion seeks to compel defendant American Realty Advisors ("ARA") to produce supplemental responses to Underwriters' second set of interrogatories to ARA and third set of requests for production and requests for admissions to ARA. The second motion seeks to compel defendant SVF Weston Lakeside, LLC ("SVF") to produce supplemental responses to Underwriters' second set of requests for production to SVF. The motions are opposed by ARA

and SVF (collectively "the ARA parties") and have been fully briefed. For the reasons set forth below, the motions will be denied.

I. BACKGROUND

These cases arise from an insurance coverage dispute related to a claim for property damage at an apartment complex in Cary, North Carolina. Compl. (D.E. 1-2) ¶ 2. ARA is the real estate manager and SVF is the owner of the property. *Id.* ¶ 2. Underwriters issued an excess property insurance policy to the insureds for the time period 15 June 2013 to 15 June 2014. *Id.* ¶¶ 1, 16. Underwriters disclaim responsibility to the ARA parties under the policy on the ground that the property damage was caused by original construction defects. *Id.* ¶¶ 7, 33, 45.

On 30 October 2017, Underwriters served their second set of interrogatories, and third set of requests for admission and requests for production of documents on ARA. 2d Interr. to ARA (comprising pp. 6-12 of D.E. 100-2)[1]; 3d Reqs. for Admiss. to ARA (comprising pp. 14-21 of D.E. 100-2); 3d Prod. Reqs. to ARA (comprising 23-31 of D.E. 100-2). On the same day, Underwriters served their second set of requests for production of documents on SVF. 2d Prod. Reqs. to SVF (comprising pp. 6-14 of D.E. 101-2). On 6 December 2017, ARA and SVF served their responses to the discovery requests. ARA Interr. Ans. (comprising pp. 33-38 of D.E. 100-2); ARA Reqs. for Admiss. Resps. (comprising pp. 40-57 of D.E. 100-2); ARA Prod. Reqs. Resps. (comprising pp. 59-77 of D.E. 100-2); SVF Prod. Reqs. Resps. (comprising pp. 16-34 of D.E. 101-2).

Following conferral between the parties, Underwriters filed the instant motions to compel on 5 January 2018, and the ARA parties responded in opposition. The ARA parties filed in support of their opposition an initial declaration by ARA Executive Vice President Martha Shelley ("Shelley"), dated 19 January 2018 (D.E. 113).

---

[1] Page citations to the record are to the page numbers assigned by the court's CM/ECF electronic file management system.

On 23 August 2018, the undersigned held a telephone conference with the parties devoted primarily to issues, not relating directly to the instant motions, that had arisen about documents possessed by a third party and the ARA parties' responses to Underwriters' third set of document requests to SVF and fourth set of requests to ARA. *See* 23 Aug. 2018 Minute Entry (D.E. 157). There was, however, also discussion about the status of the issues raised in the instant motion. *See id.* Following up on the conference, the court entered the next day, 24 August 2018, an order directing Underwriters to file by 10 September 2018 a memorandum identifying any issues presented by the instant motions that had been resolved and no longer required court resolution. 24 Aug. 2018 Ord. (D.E. 158) ¶ 1. As to the other discovery issues that were the focus of the conference, the court required each ARA and the third party to provide Underwriters with a declaration describing the actions it had taken to identify and produce materials responsive to the discovery underlying those issues. *Id.* ¶ 2.

ARA timely produced to Underwriters a declaration about its discovery efforts, as directed. This declaration, dated 6 September 2018, was a second one by Shelley (comprising pp. 2-27 of D.E. 162-2).

On 10 September 2018, Underwriters filed a 14-page memorandum (D.E. 160), purportedly as its update on the status of the pending motions, together with a supporting declaration (D.E. 161, 162).[2] The memorandum raised issues of spoliation of evidence and deficiencies in searching for responsive documents by the ARA parties allegedly revealed by the 6 September 2018 Shelley declaration. The ARA parties filed a response (D.E. 164) objecting to the breadth of Underwriters' submission.

---

[2] Underwriters separately filed the same declaration twice. The first copy of the declaration was filed without exhibits and the second with five exhibits attached. The court presumes that the exhibits were inadvertently omitted from the first copy of the declaration.

3

## II. APPLICABLE LEGAL PRINCIPLES

The Federal Rules of Civil Procedure enable parties to obtain information by serving requests for discovery on each other, including interrogatories, requests for production of documents, and requests for admission. *See generally* Fed. R. Civ. P. 26-37. Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

The district court has broad discretion in determining relevance for discovery purposes. *Seaside Farm, Inc. v. United States*, 842 F.3d 853, 860 (4th Cir. 2016); *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992). The party resisting discovery bears the burden of establishing the legitimacy of its objections. *Eramo v. Rolling Stone LLC*, 314 F.R.D. 205, 209 (W.D. Va. 2016) ("[T]he party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." (quoting *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 243 (M.D.N.C. 2010))); *Brey Corp. v. LQ Mgmt., L.L.C.*, No. AW-11-cv-00718-AW, 2012 WL 3127023, at *4 (D. Md. 26 Jul. 2012) ("In order to limit the scope of discovery, the 'party resisting discovery bears the burden of showing why [the discovery requests] should not be granted.'" (*quoting Clere v. GC Servs., L.P.*, No. 3:10-cv-00795, 2011 WL 2181176, at *2 (S.D. W. Va. 3 June 2011))).

Rule 33 governs interrogatories. It provides that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories,

including all discrete subparts." Fed. R. Civ. P. 33(a)(1). Rule 33 requires that a party served with interrogatories answer each fully under oath to the extent that the party does not object to the interrogatory. *Id.*(b)(3). Parties that are corporations or partnerships must provide the information that is available to them, which includes information that is under their control. *See id.*(b)(1)(B); *NewMarket Corp. v. Innospec Inc.*, Civ. Act. No. 3:10cv503, 2011 WL 1306008, at *4 (E.D. Va. 2011). Objections not made timely are waived, subject to the court excusing the untimeliness for good cause. Fed. R. Civ. P. 33(b)(4).

Rule 34 governs requests for production of documents. A party asserting an objection to a particular request "must specify the part [to which it objects] and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).

Requests for admission served pursuant to Rule 36 are designed to narrow the range of issues for trial, and the rule provides that a party may serve any other party with a request for the admission of the truth of any relevant matter that relates to statements, opinions of fact, or the application of law to fact. *Id.* 36(a)(1); *Erie Ins. Prop. & Cas. Co. v. Johnson*, 272 F.R.D. 177, 183 (S.D.W. Va. 2010) ("'Rule 36(a)'s primary purposes are to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be.'" (quoting *Frontier-Kemper Constructors, Inc.* v. *Elk Run Coal Co.* 246 F.R.D. 522, 531 (S.D.W. Va. 2007) (internal citations omitted))).

Rule 37 allows for the filing of a motion to compel discovery responses. *See* Fed. R. Civ. P. 37(a)(3)(B). It requires that a motion to compel discovery "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.*(a)(1). Similarly, Local Civil Rule 7.1(c), E.D.N.C. requires that "[c]ounsel must also certify that there has been a good

faith effort to resolve discovery disputes prior to the filing of any discovery motions." Local Civ. R. 7.1(c), E.D.N.C.; *see Jones v. Broadwell,* No. 5:10-CT-3223-FL, 2013 WL 1909985, at *1 (E.D.N.C. 8 May 2013) (denying motion to compel that did not state that party complied with Rule 37(a) or Local Civil Rule 7.1(c)).

Rule 37 requires that the moving party be awarded expenses when a motion to compel discovery is granted except when the movant filed the motion without attempting in good faith beforehand to obtain the discovery without court intervention, the opposing party's opposition to the discovery was substantially justified, or other circumstances would make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). If a motion to compel is denied, expenses must be awarded to the person opposing the motion except when the motion was substantially justified or other circumstances would make an award of expenses unjust. *Id.*(a)(5)(B). If a motion to compel is allowed in part and denied in part, the court may apportion the expenses for the motion. *Id.*(a)(5)(C).

## III. ANALYSIS

### A. Requests for Production of Documents

At issue on the instant motions are two identical production requests served by Underwriters on ARA and SVF. Request No. 85 to ARA and Request No. 71 to SVF seek: "Any and all maintenance and inspection records, logs, or other DOCUMENTS maintained by YOU or anyone else for the SUBJECT PROPERTY for the period 2006 to the present time." ARA Prod. Reqs. Resps. pp. 60-61; SVF Prod. Reqs. Resps. pp. 18-19. Request No. 86 to ARA and Request No. 72 to SVF seek: "Any and all DOCUMENTS relating or referring to any repair or replacement of the damage alleged in the UNDERLYING ACTION that has been and/or is continuing to be

performed by any PERSON, company, firm, or entity." ARA Prod. Reqs. Resps. pp. 61-62; SVF Prod. Reqs. Resps. p. 20.

In response to both production requests, the ARA parties asserted general objections, but indicated that they had produced all responsive documents.[3] Nevertheless, Underwriters argue that the productions are incomplete. For example, they contend that although the ARA parties indicate that monthly reports have been produced, only one report was produced for all of 2009, two for 2010, four for 2011, and nine for 2012 (two of which are incomplete). Similarly, while ARA claimed to produce repair records, entire groups of such records were not contained in the production, including particular work order files or other documents reflecting substantive information regarding the nature of repair work conducted.

The court finds, though, on the record properly before it on the instant motions, including the 19 January 2018 declaration by Shelley, that the ARA parties have produced all responsive documents in their possession, custody, or control. 19 Jan. 2018 Shelley Dec. ¶¶ 2-4, 7. Of course, the court cannot compel a party to produce documents that are not within its possession, custody, or control. To that extent, Underwriters' motions to compel further production in response to these production requests is denied.

In their purported update memorandum, Underwriters argue that the 6 September 2018 declaration by Shelley demonstrates that the ARA parties have improperly destroyed evidence and throughout the discovery process have conducted searches and used search methodologies that

---

[3] Specifically, in response to both ARA No. 85 and SVF No. 71, ARA and SVF each responded: "Responding Party has previously produced responsive documents to this Request in its possession or custody, including the voluminous property management company's Monthly Reports regarding the Weston Lakeside Apartments through October 2017, inspection reports, emails regarding repairs, inspections, and maintenance at the Property. Responding Party produces with these Responses a copy of the November 2017 Monthly Report." ARA Prod. Reqs. Resps. p. 61; SVF Prod. Reqs. Resps. 19-20. In response to ARA No. 86 and SVF No. 72, they each responded: "Responding Party has previously produced all responsive documents to this Request in its possession or custody, including the voluminous construction documents located on the Construction Drop box to which Propounding Party has been provided access." ARA Prod. Reqs. Resps. p. 62; SVF Prod. Reqs. Resps. 20-21.

7

were improper and insufficient. *See generally* Underwriters' Mem. As relief, Underwriters ask that the court enter an order directing that (1) the ARA parties conduct new searches using search terms and custodians identified by Underwriters; (2) a qualified e-discovery specialist review all potentially relevant electronically stored information ("ESI"); (3) the ARA parties provide a witness to testify on the destruction of ESI; (4) the ARA parties produce all responsive documents; and (5) the ARA parties reimburse Underwriters for fees and costs incurred.

Underwriters' purported update memorandum is tantamount to a new, much broader motion to compel than the pending motions now before the court, which seek supplemental responses to discrete discovery requests. In the memorandum, Underwriters make further allegations of deficiencies in the ARA parties' discovery practices, challenge the ARA parties' responses to other discovery requests, and seek additional, sweeping relief. By its request for an update, the court did not invite such a submission; it sought simply information indicating whether any disputes presented in the instant motions had been resolved since the time the motions were filed. Thus, the instant proceedings are not a proper forum for litigation of the relief sought and underlying matters presented in Underwriters' de facto new motion. This de facto motion is not, at this point, properly litigated in this or any other proceedings for the additional reason that there is no indication that Underwriters have undertaken the required conferral regarding it. *See* Fed. R. Civ. P. 37(a)(1); Local Civ. Rules 7.1(c)(2) (E.D.N.C.). After such conferral, if it does not obviate court resolution, Underwriters may pursue the relief sought and underlying matters raised in their purported update memorandum by separate motion. For now, though, without prejudice, the relief requested is denied.

Finally, Underwriters contend that the ARA parties have produced documents without identifying the request for production to which they are responsive, in violation of Fed. R. Civ. P.

34(b)(2)(E)(i). But Rule 34(b)(2)(E)(i) specifically permits a party to produce documents as they are kept in the usual course of business instead of identifying them as Underwriters demands: "A party must produce documents as they are kept in the usual course of business *or* must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i) (emphasis added). "While the party producing 'cannot attempt to hide a needle in a haystack by mingling responsive documents with large numbers of nonresponsive documents,' the plain language of Rule 34 makes clear that 'a responding party has no duty to organize and label the documents if it has produced them as they are kept in the usual course of business.'" *Mach. Sols., Inc. v. Doosan Infracore Am. Corp.*, No. 3:15-CV-03447-JMC, 2017 WL 5191841, at *2 (D.S.C. 9 Nov. 2017) (quoting *Williams v. Taser Int'l, Inc.*, C/A No. 1:06-CV-0051-RWS, 2006 WL 1835437, at *7 (N.D. Ga. 30 June 2006)). The ARA parties have met their burden of showing that they produced the documents at issue as they were maintained in the usual course of business. *See* 19 Jan. 2018 Shelley Dec. ¶ 2. The portion of Underwriters' motions objecting to the manner of production by the ARA parties is denied, signifying that the motions are denied in their entirety as to the ARA parties' document production.

B.   **Requests for Admission**

Underwriters argue that ARA failed to provide a separate and full response to each request for admission. They contend that, instead, ARA responded to each request with a qualified denial that fails to provide facts sufficient to show the basis for the denial. The court disagrees.

For each of the requests for admission at issue, ARA first identified several objections. Then as to each one, it stated, "Subject to and without waiving the foregoing objections, Responding Party provides the following response: Deny." It then provided a brief explanation of the basis for its denial. The court has reviewed ARA's responses and finds that ARA satisfied its

9

obligation to admit or deny each of the requests for admission propounded by Underwriters. Accordingly, Underwriters' motion to compel further responses by ARA to the third set of requests for admission is denied. *See Lynn v. Monarch Recovery Mgmt., Inc.,* 285 F.R.D. 350, 367–68 (D. Md. 2012) (noting that denials to requests for admission must fairly respond to the request and "answers to requests for admission must not be evasive"); *Erie Ins. Prop. & Cas. Co. v. Johnson,* 272 F.R.D. 177, 183 (S.D.W. Va. 2010) (noting that "unlike an interrogatory, a request for admission is not a discovery device" and its purpose is to narrow or eliminate issues from the case).

### C. Interrogatory No. 21

Underwriters' second set of interrogatories to ARA contains just one interrogatory, Interrogatory No. 21, which asks: "If any response to Underwriters' Requests for Admissions (Set No. 3), concurrently served herewith, is not an unqualified admission, state all facts upon which YOU base each response that is not an unqualified admission." ARA Interr. Ans. p. 34. ARA responded to this interrogatory by objecting that it is impermissibly overbroad and seeks separate responses for 15 separate requests for admission, violating the limit of 25 interrogatories in Rule 33(a)(1). *Id.* at p. 35. ARA then responded, "[s]ubject to and without waiving the foregoing objections, Responding Party responds as follows: Responding Party has set forth the basis for any denial to the Requests for Admission (Set 3) in its concurrently served Responses. See American Realty Advisors' Responses to Requests for Admission (Set 3)." *Id.*

The court agrees with ARA that this interrogatory as written is overbroad and exceeds the number of interrogatories permitted by the Federal Rules. *See Rawl v. S.C. Dep't of Soc. Servs.*, No. 2:14-CV-02772-DCN, 2015 WL 6725169, at *2 (D.S.C. 3 Nov. 2015) (holding that interrogatory seeking "complete legal and factual basis" for each denial to a request for admission was considered to be 69 separate interrogatories because there were 69 separate denials); *Stevens*

*v. Federated Mut. Ins. Co*., No. 5:05-CV-149, 2006 WL 2079503, at *6 (N.D.W. Va. 25 July 2006) (holding that interrogatory seeking detailed information about 11 requests for admission could not be considered a single interrogatory); *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.,* No. 1:00CV00113, 2002 WL 534459, at *3 (W.D. Va. 18 Mar. 2002) (holding that interrogatory based on responses to requests for admission should be treated as separate interrogatories). In addition, as noted above, the court finds ARA's responses to the requests for admission adequate in terms of the information ARA provided in response to each one. For these reasons, Underwriters' motion to compel a supplemental response to this interrogatory is denied.

## IV. CONCLUSION

For the reasons stated, IT IS ORDERED as follows:

1. Underwriters' motions to compel (D.E. 100, 101) are DENIED.

2. Each party shall bear its own expenses incurred on the motion because the court finds that under the circumstances presented the award of expenses would be unjust. *See* Fed. R. Civ. P. 37(a)(5)(B).

SO ORDERED, this 30th day of September 2018.

_____
James E. Gates
United States Magistrate Judge